IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD LESLIE DOCKUM, | § | |
| TDCJ-CID NO. 1238312, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1344 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Richard Leslie Dockum, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. The Court will dismiss petitioner's federal habeas petition as untimely pursuant to 28 U.S.C. § 2244(d).

I. PROCEDURAL HISTORY

On May 3, 2004, upon a plea of guilty, petitioner was convicted of making a false statement to obtain a line of credit in the 174th District Court of Harris County, Texas in cause number 978,523. Punishment was assessed at fifteen years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner filed a direct appeal, which was dismissed on May 5, 2005, as untimely pursuant to Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure. *Dockum v. State*, No.14-05-00226-CR, (Tex. App.–Houston [14th Dist.] 2005, no pet.) (memorandum opinion not designated for publication). Petitioner's motion to extend time to file a petition for discretionary review was denied on July 27, 2005. Texas Court's website.[1] Because his appeal was filed untimely, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the day his sentence was

---

[1] www.14thcoa.courts.state.tx.us/opinons/event.asp?EventID=2053644

imposed, on or about June 3, 2004. *See* 28 U.S.C. § 2244(d)(1)(A); *compare Foreman v. Dretke*, 383 F.3d 336 (5th Cir. 2004) (timely filed appeal constitutes direct review even if later dismissed for want of jurisdiction).

Petitioner's first two state habeas applications were dismissed on April 6, 2005, and July 13, 2005, respectively, because a direct appeal was pending. Texas Court's website.[2] Petitioner filed a third state habeas application on October 13, 2005,[3] which the Texas Court of Criminal Appeals denied on November 1, 2006, without written order on the trial court's findings without a hearing. Texas Court website.[4]

Petitioner filed his petition for a federal writ of habeas corpus in this Court on April 13, 2007.[5] Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997). In the pending petition, petitioner complains of the following:

1. His sentence was improperly enhanced;

2. He was denied the effective assistance of counsel;

3. His plea was involuntary; and,

4. He was denied the right to a jury trial.

---

[2] www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2193096; www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2203383.

[3] Telephone conversation with Deputy Clerk of the Harris County District Clerk's Office.

[4] www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2264471

[5] The district clerk actually recorded the petition as filed on April 16, 2007, but petitioner indicates that he executed the petition on April 13, 2007. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

(Docket Entry No.1).

II.        <u>ONE-YEAR STATUTE OF LIMITATIONS</u>

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d

3

at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, under AEDPA, petitioner's one-year limitation period began on or about June 3, 2004, the last day petitioner could have filed a motion for new trial or a direct appeal in state court. *See* TEX. R. APP. PROC. 26.2(a)(1). That date triggered the one-year limitations period which expired on June 3, 2005. Petitioner's state habeas corpus petition, filed in October, 2005, is therefore untimely. Because petitioner's state habeas application was filed after limitations expired, the tolling provisions found in § 2244(d)(2) do not apply.

In his response to the Court's Order to address the limitations bar and equitable tolling, petitioner recounted his attempts to seek post-judgment relief in state court. (Docket Entry No.5). He did not, however, allege any grounds that would entitle him to equitable tolling. Moreover, he has not stated that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

IV.     CONCLUSION

Accordingly, the Court ORDERS the following:

1.     Petitioner's petition for writ of habeas corpus is DENIED.

2.     This cause of action is DISMISSED, with prejudice, as untimely pursuant to 28

5

   U.S.C. § 2244(d).

3. A certificate of appealability is DENIED.

4. All other pending motions are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on this 11th day of July, 2007.


             _____
             MELINDA HARMON
             UNITED STATES DISTRICT JUDGE